IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WEST LINN CORPORATE PARK, LLC,

        Plaintiff,

        v.

CITY OF WEST LINN, BORIS PIATSKI
and DOE DEFENDANTS 1 THROUGH 10,

        Defendants.

Civil No. 01-1787-AS

O R D E R

(Motion to Reconsider;
Motion to Strike)

ASHMANSKAS, Magistrate Judge:

Plaintiff moves the court to reconsider its oral ruling of July 15, 2005, and defendants move the court to strike plaintiff's motion.

**Discussion**

Plaintiff's motion is premised on an attempt to characterize its takings claim as a physical appropriation of property rather than a regulatory taking. If plaintiff's claim may be properly characterized as a physical taking, then plaintiff can rely on <u>Nelson v. City of Lake Oswego</u>, 126 Or.App. 416, 869 P.2d 350 (1994), to argue that it need not have pursued administrative remedies. Then, both its state and federal takings claims are ripe and there is no exhaustion

requirement.  On the other hand, if plaintiff's claim is more appropriately characterized as a regulatory taking, then <u>Nelson</u> is distinguishable and administrative remedies must be exhausted as described in <u>Suess Builders Co. v. City of Beaverton</u>, 294 Or. 254, 656 P.2d 306 (1982), and <u>Fifth Avenue Corp. v. Washington County</u>, 282 Or. 591, 581 P.2d 50 (1978), as well as <u>Williamson County Reg'l Planning Comm'n v. Hamilton Bank</u>, 473 U.S. 172 (1985).

       The present case, however, does not fit squarely into either the category of a physical taking or the category of a regulatory taking.  It is not a physical taking, because no property was taken by the City.  (Although certain easements were required, they are not among the challenged conditions.)  It is not a regulatory taking because the challenged conditions were not broadly applied as would be the case with zoning restrictions or other classic regulatory restrictions on the use of property.  What the City did in the present case is require the developer to construct certain off-site improvements.  Plaintiff is not seeking compensation for property taken, but rather reimbursement for construction costs that it claims were exacted in violation of plaintiff's constitutional rights.  Such "exaction" cases have not been addressed by the courts to the extent
that physical and regulatory takings have.  In the absence of controlling case law on exactions it seems more appropriate to apply the case law concerning regulatory takings rather than physical takings.  In regulatory takings as well as exaction cases, the property owner is seeking compensation for a loss of value rather than a loss of physical property.  In a regulatory taking it is the loss of value of the property caused by a regulation that restricts property use; in an exaction it is the loss of the cost of the challenged off-site improvements.  In these situations where there has not been a physical appropriation of property, the plaintiff should be required to utilize existing administrative procedures before seeking a judicial remedy.

## Conclusion

Accordingly, plaintiff's Motion to Reconsider Court's Oral Ruling (doc. #206) is GRANTED and, upon further consideration, the court adheres to its oral ruling of July 15, 2005. Defendants' Motion to Strike Plaintiff's Motion to Reconsider Court's Oral Ruling (doc. #207) is DENIED.

IT IS SO ORDERED

DATED this 22nd day of September, 2005.

   /s/ Donald C. Ashmanskas
DONALD C. ASHMANSKAS
United States Magistrate Judge